IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL SCOTT ROBINSON,

        Petitioner,

v.                                                                                                   No. CIV 11-803 RB/LFG

RUBEN RUSTIN, Warden,

        Respondent.

## ORDER DIRECTING ADDITIONAL BRIEFING

### Introduction

THIS MATTER is before the Court on Petitioner Earl Scott Robinson's ("Robinson") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 1], filed September 7, 2011. Robinson challenges his state pre-trial detention, as it relates to the underlying criminal state court proceeding in State v. Robinson, No. CR 99-3961 (County of Bernalillo, State of New Mexico). Robinson asserts various claims in his federal habeas petition, including alleged violation of his speedy trial rights, ineffective assistance of counsel, false arrest in 2004,[1] and "vengeful

---

[1] It is not clear whether Robinson's claim of "false arrest in 2004" has anything to do with the underlying criminal proceeding at issue, No. CR 99-3961. In March 2004, Robinson was indicted in CR 2004-1255, and he later apparently entered an Alford plea in that case. [Doc. 1, at 6; Doc. 7, Ex. N, state court docket report.] The Court further observes that Robinson filed a federal civil rights action in relation to No. CR 2004-1255 and the false arrest claim, Robinson v. Brandenburg, et al., No. CIV 11-120 JB/CG. That lawsuit was dismissed on April 29, 2011. [Doc. 11, in No. CIV 11-190.] There is another state court docket report submitted by Respondent –State v. Robinson, CR 2007-4174 – charging Robinson with multiple counts, including bribery or intimidation of a witness and conspiracy to commit murder. [Doc. 7, Ex. O.] After a mistrial, that case appeared to proceed to trial in early 2010. A guilty verdict was reached, and a judgment, sentence and commitment were entered in March 2010. It is uncertain why Respondent provided this docket sheet or how it relates to this proceeding, if at all.

1

prosecution." Robinson is currently incarcerated in the Metropolitan Detention Center in Albuquerque, New Mexico.

With respect to Robinson's original arrest in May 1999, a jury trial, held in May 2002, resulted in a mistrial "upon jury disagreement." [Doc. 7, Ex. B.] Although a re-trial has been scheduled on many different dates since May 2002, as of today's date in February 2012, no trial has been held and the parties agree that no final judgment has been entered in the state criminal proceeding, No. CR-99-3961.[2]

On October 14, 2011, Respondent Ruben Rustin ("Respondent") filed an answer to the federal habeas petition and requested that the petition be dismissed, without prejudice. [Doc. 7.] Respondent argues in part, that whether Robinson's habeas petition is construed under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, it should be dismissed as Robinson raises no federal constitutional claim warranting federal habeas relief. [Doc. 7, at 2.] Respondent further asserts that Robinson is not being held pursuant to a state court judgment as required by § 2254, because he still awaits re-trial on the underlying criminal proceeding. Thus, according to Respondent, review by this Court is not warranted or permitted under §§ 2241 and 2254 because there is no final judgment and sentence in CR 99-3961.

In addition, because the state court has not yet entered a final judgment or sentence in CR 99-3961, Respondent argues that Robinson has not been able to file a direct appeal or pursue other available state court remedies "such as the filing of a petition for writ of habeas corpus." [Doc. 7, at 7.] Respondent also asserts that Robinson has failed to exhaust any state remedies, because the

---

[2] In reviewing the state court docket in CR 99-3961, this Court observes a current trial setting of April 13, 2012. *See* Green v. Nottingham, 90 F.3d 415, 418 (10th Cir.1996) (federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue).

exhaustion of any available state court remedies is dependent on a conviction and a final order of judgment and sentence. [Id.] Finally, Respondent argues that any pretrial detention has been lawful and that any delay has been reasonable and "supported by the chronology of events and the specific circumstances involving Petitioner." [Id., at 9.]

In Robinson's reply [Doc. 8], he asserts that Respondent's Answer "avoids the thrust" of his claims.

## **Procedural Summary**

On December 20, 1999, a grand jury indictment was filed, charging Robinson with one count of first degree criminal sexual penetration ("CSP") of a child under age 13, two counts of third-degree CSP of a child under age 13, and several other counts. [Doc. 7, Ex. A.] Following the May 2002 jury trial, the state court entered an Order Declaring Mistrial upon Disagreement (CR 99-3961 was consolidated with another criminal proceeding against Robinson, CR 99-145). [Doc. 7, Ex. B.] The jury found Robinson not guilty of Contributing to the Delinquency of a Minor and Bribery of a Witness, but disagreed with respect the CSP charges and several other counts in relation to CR 99-145. The State reserved its right to retry Robinson on the charges.

Between May 2002 and December 2004, the case was scheduled for re-trial on various dates, and a number of motions, including motions to postpone trial dates, to exclude polygraph evidence, and to bar testimony on Robinson, were filed. [Doc. M, state court docket report.] On November 22, 2004, the New Mexico Supreme Court issued an amended mandate regarding the admission into evidence of polygraph examination results. [Doc. 7, Ex. D.]

In 2005, it appears that there were attempts to negotiate a plea agreement that failed. Additional motions were filed in 2005, including motions for definite trial setting, to review conditions of release, to substitute defense counsel, and for discovery. [Doc. 7, Ex. M.]

On January 13, 2006, Robinson filed a motion to disqualify all district attorneys ("DAs") in the Second Judicial District Court. [Doc. 7, Ex. E.] The motion related to new charges against Robinson for solicitation to commit first-degree murder and solicitation to commit an aggravated battery on March 29, 2004, in CR 2004-1255. [Doc. 7, at 5; Doc. 7, Ex. N, docket report.] These separate charges against Robinson concerned the New Mexico Attorney General's claims that Robinson solicited an accomplice to commit the murder of ADA Rachel Berenson, who was one of two ADAs, handling Robinson's 2002 mistrial. In early 2005, Robinson pled guilty to the charge of solicitation to commit aggravated battery. The state court entered a judgment in CR 2004-1255. It appears Robinson was sentenced to 18 months, but that information is taken only from notes on the state court docket entries. [Doc. 7, Ex. N.]

On February 13, 2006, the state court granted Robinson's motion to disqualify the DA's office for the Second Judicial District Court, finding that Robinson met his burden of establishing an appearance of impropriety or an appearance of bias on the DA's office. [Doc. 7, Ex. F.] The State appealed, halting Robinson's earlier criminal proceeding in CR 99-3961. After full briefing and the passage of several years, on January 28, 2008, the New Mexico Court of Appeals reversed the state court's ruling and remanded for further proceedings. [Doc. 7, Ex. G.] Robinson filed a Petition for Writ of Certiorari, which the New Mexico Supreme Court denied on February 28, 2008. [Doc. 7, Ex. H.] A mandate issued on April 10, 2008. [Doc. 7, Ex. I.]

Between 2006 and February 2008, various motions were filed in CR 99-3961, including several motions to review conditions of release, and defense counsel's motion to withdraw. [Doc. 7, Ex. M.] After the mandate issued, the state court set the case for trial. [Doc. 7, Ex. M.] The trial settings were vacated on a number of occasions in 2008. In late 2008, Robinson filed a request for a hearing on a speedy trial issue. [Doc. 7, Ex. M.]

On February 10, 2009, Robinson's attorney filed a motion for forensic evaluation to determine Robinson's competency to stand trial. [Doc. 7, Ex. J.] On March 4, 2009, State Court Judge Murdoch entered an Order staying proceedings during competency evaluations. [Doc. 7, Ex. K.] On December 17, 2009, the state court entered a stipulated order of competency. [Doc. 7, Ex. L.]

Since December 2009, motions for continuances were filed. Another motion to dismiss based on speedy trial violations appears to have been filed on about June 29, 2010. [Doc. 7, Ex. M.] A motion to review conditions of release was filed. Trial dates were set and continued. Judge Murdoch, who was assigned to the case, resigned. As of October 14, 2011, when Respondent answered, the most recent docket sheet indicated a jury trial was set for May 9, 2011. The current docket sheet indicates a stipulated order to vacate a trial setting, with the trial now set for April 13, 2012.

## Discussion

The Court agrees with Respondent's position that Robinson cannot, at this time, file a federal habeas petition under 28 U.S.C. § 2254, because Robinson is not in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Clearly, no re-trial has yet occurred in CR 99-3961, and there is no corresponding judgment.

The Court disagrees, however, that Robinson is necessarily precluded from bringing a federal habeas petition under § 2241, related to alleged speedy trial violations.[3] Respondent appears to argue that a petition under § 2241 or 2254 is subject to dismissal on the same ground – because

---

[3]Robinson's other claims set forth in the federal habeas petition, *e.g,* alleged ineffective assistance of counsel, false arrest on other charges in 2004, and vengeful prosecution [Doc. 1, at 5, 6, 7], are more akin to a challenge of the fact of a conviction, which has not yet occurred, and therefore, are subject to a recommendation to dismiss, without prejudice.

5

Robinson is not being held pursuant to a judgment of a state court in CR 99-3961.  However, that language appears only in 28 U.S.C. § 2254.

Title 28 U.S.C. § 2241 states that the writ of habeas corpus will not extend to a prisoner unless:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1-3).  In other words, the entry of judgment is not a prerequisite under every scenario for bringing habeas applications under § 2241.  While § 2254 typically governs the use of habeas corpus as a post trial means of challenging the legality of a conviction or sentence, § 2241 allows an inmate to challenge the legality of his/her confinement before trial on the basis of a limited set of constitutional claims.  *See, e.g.,* Dickinson v. Tipton, 214 F. App'x 780 (10th Cir. Jan. 26, 2007) (unpublished) (petition raised claims of violations of his due process and speedy trial rights; district court characterized habeas application as properly brought under 28 U.S.C. § 2241 because petitioner was pretrial detainee) (*citing* Montez v. McKinna, 208 F.3d 862, 870 (10th Cir. 2000) (McKay, J., concurring in part and dissenting in part)).

> A state petitioner may properly bring a § 2241 proceeding challenging detention arising out of state court process, such as a whole host of pretrial petitions.  *See, e.g.,* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-90 ... (1973) (holding that Alabama prisoner under Kentucky indictment may file a habeas action under § 2241 seeking to enforce his constitutional right to a speedy trial); Higgins v. Rhode Island, 187 F.3d 622, 1998 WL 1085812, *1 (1st Cir. 1998) (noting that state prisoner may challenge detainer by bringing a pretrial habeas petition under § 2241 "which

> empowers a district court to issue a habeas writ before a judgment is rendered in a criminal proceeding"); Santamaria v. Horsley, 133 F.3d 1242, 1243 (9th Cir.) (reviewing pretrial habeas petition under § 2241(c)(3), *cert. denied*, 525 U.S. 823. . . (1998); Allen v. Robinson, 986 F.2d 1412, 1993 WL 46883 (4th Cir. 1993) (noting availability of pretrial habeas relief under § 2241); . . . Dickerson [v. Louisiana, 816 F.2d 220], at 224 [5th Cir. 1987] (holding that inmate's pretrial habeas petition is properly brought under § 2241 because he is not in custody pursuant to judgment of a state court).

Id.  *See also* Johnson v. Whetsel, 2005 WL 2620562, *1 (W.D. Okla. Sept. 14, 2005) (unpublished) (pretrial detainee brought Sixth Amendment claim that his speedy trial right was violated; while he stated he brought the action under § 2254, the appropriate form of relief was 28 U.S.C. § 2241, "which gives district courts the power to entertain an application for a write of habeas corpus on behalf of a petitioner purportedly 'in custody in violation of the Constitution or laws or treaties of the United States.'") (citations omitted).

The Court finds that Robinson may raise a claim of alleged speedy trial violations by way of a § 2241 petition, before a conviction is entered.  *See, e.g.,* Braden, 410 U.S. at 489-90 (state prisoner subject to untried charges may bring pretrial habeas action in federal court under 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial.").  However, Robinson must have exhausted all state court remedies as to that claim before filing his § 2241 petition.  Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting that, absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies), *cert. denied*, 549 U.S. 943 (2006).  *See* Capps v. Sullivan, 13 F.3d 350, 353-54 (10th Cir. 1993) (federal court has jurisdiction in a speedy trial claim that is raised in a pretrial habeas corpus action only if the prisoner is in custody and has satisfied the exhaustion requirement).

In Capps, the Tenth Circuit further explained that "[w]hether exhaustion requires the petitioner to stand for trial prior to habeas corpus relief depends upon the nature of the remedy sought. '[An] attempt to dismiss an indictment or otherwise prevent a prosecution' . . . is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted." Id. at 353-54. Because the Court construes Robinson's pretrial speedy trial claim to be an attempt to force the state to go to trial, the Court finds that Robinson may bring the claim in a pretrial federal habeas petition, but as stated above, he must have exhausted state court remedies. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (to satisfy exhaustion, the state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

In this case, Respondent addressed the issue of exhaustion only briefly by asserting that Robinson could not have exhausted state remedies without having first been convicted. [Doc. 7, ¶ 10.] While that assertion may be accurate with respect to certain federal habeas claims, *i.e.,* § 2254 claims, that is not true as to Robinson's § 2241 petition alleging pretrial speedy trial violations. Based on the pleadings and attachments before it, the Court is uncertain whether Robinson may have exhausted his state court remedies with respect to the speedy trial violations claim.

Thus, the Court requires that Respondent provide supplemental briefing on this single issue: whether Robinson exhausted his state court remedies regarding the speedy trial violations raised in his § 2241 petition. If Robinson did not fully exhaust his state court remedies, the § 2241 petition will be subject to a recommendation to dismiss, without prejudice. If Robinson did exhaust his state court remedies, this claim will proceed, unless the Court must abstain.

Respondent may wish to address, should Robinson have been found to have exhausted state court remedies, that the doctrine articulated in Younger v. Harris, 401 U.S. 37, 45, 46 (1971), requires the federal court to abstain from addressing this issue. *See* Johnson, 2005 WL 2620562, *1 (generally, "federal courts will not entertain pretrial habeas petitions pursuant to longstanding principles of federalism and comity that counsel against federal interference with pending state court proceedings."). *See also* Lewis v. Whetsel, 2009 WL 4351267, *3 (W.D. Okla. Nov. 24, 2009) ("long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated.").

IT IS THEREFORE ORDERED that:

(1) Respondent's supplemental brief on the issue described above is due no later than **March 16, 2012**; and

(2) Robinson's supplemental response brief concerning the single issue of exhaustion in relation to the speedy trial claim is due no later than **20 days** after service of Respondent's supplemental brief.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge