IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL SCOTT ROBINSON,

        Petitioner,

v.                                          No. CIV 11-803 RB/LFG

RUBEN RUSTIN, Warden,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1.      On September 7, 2011, Petitioner Earl Scott Robinson ("Robinson") filed a *pro se* Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. [Doc. 1.] Robinson challenges his state pre-trial detention, as it relates to the underlying criminal state court proceeding in State v. Robinson, No. CR 99-3961 (County of Bernalillo, State of New Mexico). Robinson asserts various claims in his federal habeas petition, including alleged violation of his speedy trial rights, ineffective

---

[1]**Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.** *See, e.g.*, **Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).**

assistance of counsel, false arrest in 2004,[2] and "vengeful prosecution." Robinson is currently incarcerated in the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico.

2. On September 8, 2011, the United States District Court Judge Robert C. Black entered a standard order of reference, referring this case to the undersigned Magistrate Judge to conduct hearings, if warranted, and to perform the legal analysis required to recommend an ultimate disposition for the District Court to review.

3. The Court determines that an evidentiary hearing is not necessary to resolve the claims raised by Robinson and that issues before the Court may be resolved on the pleadings. Thus, the Court enters these findings and recommendations based on the parties' briefing and attachments.[3]

4. On October 14, 2011, Respondent filed an Answer and Motion to Dismiss, with attachments. [Doc. 7.] On December 21, 2011, Robinson filed a response or reply to the Answer. [Doc. 8.] On February 22, 2012, this Court required supplemental briefing from both parties concerning the single issue of whether Robinson had exhausted state court remedies with respect

---

[2] It is not clear whether Robinson's claim of "false arrest in 2004" has anything to do with the underlying criminal proceeding at issue, No. CR 99-3961. In March 2004, Robinson was indicted in CR 2004-1255, and he later apparently entered an Alford plea in that case. [Doc. 1, at 6; Doc. 7, Ex. N, state court docket report.] The Court further observes that Robinson filed a federal civil rights action in relation to No. CR 2004-1255 and the false arrest claim, Robinson v. Brandenburg, et al., No. CIV 11-190 JB/CG. That lawsuit was dismissed on April 29, 2011. [Doc. 11, in No. CIV 11-190.]

[3] Although it is not entirely clear, Robinson may have misunderstood the District Court's standard Order of Reference [Doc. 3] to mean that the Court "agreed to grant [Robinson's] Writ and order evidentiary hearings in Sept. 2011." [Doc. 12, at 3-4.] This is not true. This Court did not agree to grant Robinson's writ, nor did it order an evidentiary hearing. The September 2011 Order of Reference merely referred this matter to the undersigned Magistrate Judge to conduct evidentiary hearings, "if warranted," and otherwise, to perform the pertinent legal research to issue findings and recommendations for the District Court to review.

to his speedy trial claim.[4] [Doc. 9.] On March 8, 2012, Respondent filed his supplemental brief, with attachments. [Doc. 10.] On March 14, 2012, Robinson submitted a letter to the Court that the Court construed as his supplemental responsive brief. [Doc. 12.]

5. Respondents initially argued that Robinson's petition, whether brought under § 2241 or § 2254, should be dismissed for lack of jurisdiction, without prejudice, because § 2254 requires a petitioner to be "in custody" under a conviction or sentence. There is no final judgment or sentence yet in the underlying criminal case because Robinson continues to await trial in the Second Judicial District Court in Cause No. CR 1999-3961. [Doc. 7, at 10.]

6. The Indictment in CR 1999-3961 was filed on December 20, 1999, charging Robinson with three counts of criminal sexual penetration ("CSP"), two counts of contributing to the delinquency of a minor, and one count of bribery of a witness. [Doc. 7, ¶¶ 1, 5.] The State Court held a jury trial in May 2002, that resulted in a mistrial. [Doc. 7, ¶ 7.] For numerous reasons, including subsequent criminal proceedings against Robinson, several appeals, the withdrawal or substitution of at least five defense attorneys, reassignment to different State Court judges, Robinson's motion for forensic evaluation as to his state of competency, and various motions, along with motions for continuances, th criminal proceeding has been delayed for approximately ten years. [Doc. 10, Ex. B (detailing lengthy procedural history in response to speedy trial motion)]. The State

---

[4]The Court's Order indicated that Robinson's § 2254 claims were subject to a recommendation of dismissal. [Doc. 9, at 5, n.3.]

Court case is now scheduled for trial on September 17-18, 2012. [State Court docket report in CR 1999-3961, as of March 27, 2012.][5]

7.    In addition, Respondent also briefly argued that because there is no final judgment and sentence in the underlying criminal proceeding, Robinson could not have exhausted his state court remedies with respect to his federal habeas claims. [Doc. 7, § 10.]

8.    After a review of the pleadings, attachments, and pertinent pleadings, the Court determined that Robinson's § 2254 claims, *i.e.,* alleged ineffective assistance of counsel, false arrest on other charges in 2004, and "vengeful prosecution," were subject to a recommendation for dismissal as they challenged the fact of a conviction, which has not occurred. The Court indicated it would recommend those claims be dismissed, without prejudice, for lack of jurisdiction. [Doc. 9, at 5, n.3.]

9.    However, the Court further observed that Robinson was not precluded from bringing a federal habeas petition asserting a speedy trial claim under § 2241 because § 2241 allows an inmate to challenge the legality of his confinement before trial on the basis of various limited constitutional claims. [Doc. 9, at 6] (internal citations omitted). In other words, a conviction was not necessary. However, Robinson was still required to exhaust state court remedies to avoid dismissal of the speedy trial claim in the federal habeas proceeding. Based on the pleadings and record before it, the undersigned Magistrate Judge could not be sure whether or not that claim was exhausted, and, therefore, required the parties to supplement the briefing.

---

[5]As of the date Respondent submitted his supplemental brief, the case was scheduled for trial in early April 2012. That date has since changed. It is not clear why, but it may have been due to the State Court's schedule. [*See* docket entry of 3/21/12 noting motion hearing of 4/18/12 moved from 4/10/12 due to trial.]

**Procedural Background of Underlying Criminal Proceeding**[6]

10. The procedural background is as follows:

| | |
|---|---|
| 12/20/99 | Indictment in CR 1999-3961. |
| 12/22/99 | Bond posted. |
| 6/19/00 | Stipulated consolidation order filed, consolidating CR 1999-3961 with CR 99-145 (Chaves County criminal case). |
| 5/3/02 | Trial; mistrial declared.  Corresponding Order filed 5/13/02. |
| 4/11/03 | Motion to exclude polygraph evidence filed resulting in appeal re: admissibility of polygraph results.  State's appeal unsuccessful. |
| 3/17/04 | Robinson arrested on charges of solicitation to commit murder in Metropolitan case number CR 4595-04.  Since that arrest, Robinson was held in custody, at least up to a point. |
| 3/29/04 | Robinson indicted in Bernalillo County District Court, CR 2004-1255, based on allegations from the 3/17/04 arrest, with the alleged victim being Rachel Berenson, who was prosecuting CR 1999-3961. |
| 4/9/04 | Robinson arraigned in CR 2004-1255; bond was 1 million dollars. |
| 12/21/04 | Amended Mandate from Supreme Court filed, remanding to State Court (re: polygraph evidence appeal). |
| 1/27/05 | Robinson pled guilty to Count 2 of the Indictment in CR 2004-1255 and sentenced on 3/4/05 to 18 months, followed by 1 year of parole. |
| 2/23/05 | State filed motion for definite setting in this case and motion to review conditions of release. |
| 3/29/05 | Robinson's bond set at $250,000. |
| 3/29/05 | Public Defender appointed to represent Robinson. |
| 4/4/05 | Order entered allowing attorney Riggs to withdraw. |
| 8/26/05 | Attorney John Rhinehart entered his appearance for Robinson. |
| 12/19/05 | Rhinehart allowed to withdraw. |
| 12/20/05 | Attorney Sandy Barnhart y Chavez entered appearance for Robinson. |

---

[6]This procedural background of the State Court criminal proceeding is set forth to better understand the reasons for the lengthy delay.  The procedural background is primarily taken from the State's Response to Robinson's "Motion to Dismiss: Speedy Trial," filed in State Court on November 9, 2010 [Doc. 10, Ex. B], along with other pleadings and the State Court docket report.

| | |
|---|---|
| 1/13/06 | Robinson filed motion to disqualify Second Judicial District Attorney's Office from prosecution of this case. |
| 2/13/06 | State Court granted Robinson's motion disqualifying DA's office. |
| 3/13/06 | State filed a Notice of Appeal. |
| 8/29/07 | Robinson arrested in Metropolitan Court CR 18564-07 for solicitation to commit first degree murder, along with a variety of other offenses, relating to allegations that he hired or attempted to hire someone to kill victims in 1999 rape case. |
| 9/14/07 | Robinson indicted in CR 2007-4174 and arrested the same day. |
| 9/24/07 | Arraigned on 9/14/07 in CR 2007-4174. |
| 10/19/07 | Judge Ross C. Sanchez recused himself. |
| 11/5/07 | Case reassigned to Judge Carl J. Butkus. |
| 11/19/07 | Judge Butkus was recused. |
| 11/26/07 | Case reassigned to Judge Albert S. Murdoch. |
| 4/4/08 | Attorney Gregory Gaudette entered appearance for Robinson. |
| 4/11/08 | Court of Appeals issued Mandate, reversing District Court's Order that disqualified DA's office. Remanded for further proceedings. |
| 9/18/08 | At pretrial conference, Robinson stipulated to a rule extension, allowing up until 4/11/09 to try the case. |
| 12/19/08 | Robinson convicted for crimes in CR 2007-4174 Indictment after jury trial; mistrial declared as to other counts. |
| 2/11/09 | Robinson filed for motion for forensic evaluation as to his competency. Trial date of 4/2/09 was continued as a result of Robinson's competency motion. |
| 3/4/09 | Order filed staying proceedings pending competency determination. |
| 6/1/09 | Order for 60-day evaluation filed in CR 2007-4174. |
| 7/16/09 | Order for forensic evaluation filed, indicating report would be sent only to defense counsel. |
| 9/24/09 | Robinson sentenced in CR 2007-4174 for 4 years plus 1 year as a habitual offender. |
| 11/19/09 | Pretrial conference; still no determination as to competency. |
| 12/17/09 | Order filed indicating Robinson was competent to stand trial. |
| 1/13/10 | Trial set for 4/26/10. |
| 4/19/10 | Robinson filed a motion requesting continuance of trial. State stipulated. Motion granted on 4/20/10. |
| 6/1/10 | Rule extension filed, allowing up until 12/17/10 for trial. |
| 6/22/10 | Case set for trial on 10/18/10. |

| | |
|---|---|
| 6/29/10 | Robinson filed motion to dismiss because of alleged violation of speedy trial rights.  According to Respondent, this motion has not been set for a hearing yet.[7] |
| 8/11/10 | Request for hearing on motion to dismiss. |
| 10/14/10 | Parties met with Court.  Defense wanted a continuance.  State was ready to proceed to trial.  Court re-set trial for 2/28/11. |
| 10/18/10 | Robinson paroled from prison sentence in CR 2007-4174; detained in MDC. |
| 11/9/10 | State filed response to speedy trial motion. |
| 2/4/11 | Robinson filed motion to dismiss or, in the alternative, to suppress testimony. |
| 2/4/11 | Robinson filed request for discovery related to motion to dismiss. |
| 2/4/11 | Robinson filed request for hearing/setting. |
| 2/8/11 | Docket entry by Court noting defense motion to dismiss or exclude witnesses was denied. |
| 2/28/11 | Notice of jury trial set on May 9, 2011 before Judge Murdoch; reset from 2/28/11 |
| 3/18/11 | Robinson's motion to extend time to complete pretrial interviews. |
| 4/7/11 | State's response to motions. |
| 4/28/11 | Judge Murdoch hearing setting set 5/9/11. |
| 4/28/11 | Trial setting before Judge Murdoch on 9/12/11. |
| 9/9/11 | Joint motion for continuance of trial |
| 12/12/11 | Status hearing. |
| 12/19/11 | On about this date Judge Winder was assigned to case. |
| 12/27/11 | Trial setting before Judge Samuel Winder on 4/2/12. |
| 3/8/12 | Hearing set for 3/22/12 |
| 3/13/12 | Hearing set for 3/30/12. |
| 3/21/12 | Notice that motion hearing is set on 4/18/12 and moved from 4/10/12 "due to trial." |
| 9/7/12 | Jury trial setting before Judge Winder. |

[Doc. 10, State's Response.]

      11.     In Robinson's supplemental response [Doc. 12], he mostly argues that the delays in the underlying criminal proceeding should be attributed to the State.  However, it is clear from a careful review of the State Court docket report, that many of the delays arose out of legitimate

---

[7]This Court cannot determine from the current State Court docket report whether the motion hearing scheduled on March 30, 2012 (or whether the hearing that was continued to 4/18/12) concerns the motion to dismiss based on speedy trial violations.

appeals, subsequent criminal activity by Robinson, motions by Robinson, including a request for a competency determination, and appearances by five different defense attorneys. In any event, it is not this Court's role to decide the motion to dismiss based on alleged speedy trial violations. As far as can be determined, that motion is still pending before the State Court.[8]

## Analysis

### Exhaustion of State Court Remedies

12.     Robinson's federal habeas petition setting forth a claim of speedy trial violations is brought under 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862, 870 (10th Cir. 2000) (McKay, J., concurring in part and dissenting in part) (noting cases where state prisoner may bring habeas action under § 2241 seeking to enforce constitutional right to a speedy trial).

13.      The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief ... [though] [a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See* Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) (citations omitted) (discussing exhaustion of administrative remedies); Capps v. Sullivan, 13 F.3d 350, 353-54 (10th Cir. 1993) (federal court has jurisdiction over a speedy trial claim that is raised in a pretrial habeas corpus action only if the prisoner is in custody and has satisfied the exhaustion requirement). Here, there is neither any argument nor showing that exhaustion would be futile. Thus, Robinson is required to exhaust his state court remedies as to a claim of speedy trial violations before raising it in a federal habeas petition.

---

[8] During the pendency of this federal habeas proceeding, the parties should contact the Court by letter to inform it if the State Court resolves the motion to dismiss based on alleged speedy trial violations or if the status of the speedy trial claim changes.

14.   In support of his position that he exhausted all possible state court remedies, Robinson argues that Respondent did not acknowledge his motions "to New Mexico Court of Appeals (Santa Fe), Appeallate [sic] Div. Att'y Gen'l (Santa Fe), Appeallate [sic] Div. Public Defender (Santa Fe) on Jan. 13, 2011." [Doc. 12, at 3.] The Court does not know what these pleadings are, assuming they are pleadings. There is nothing in the current State Court docket report indicating that the State or Robinson filed pleadings on January 13, 2011. To the extent that Robinson mailed pleadings to various divisions or courts in Santa Fe regarding alleged speedy trial violations, there is no State Court ruling to challenge at this point unless the Second Judicial District Court issued a decision on the motion to dismiss based on speedy trial violations. Thus, even if Robinson sent pleadings to the Court of Appeals, they would not demonstrate exhaustion without the State District Court having first issued a written decision.

15.   Robinson also states that he:

> . . . subsequently submitted his motion to New Mexico Supreme Court simultaneously with submission of writ of habeas corpus to U.S. Federal Judge J. Browning on Sept. 2, 2011, shown on pages 10 & 11 of New Mexico Court of Appeals "forms for self-represented litigants," found in Petitioners federal writ, dated Sept. 2, 2011. Obviously, Robinson has exhausted all state remedies!

[Doc. 2, at 3.] Robinson fails to explain what motion he is referring to and what writ of habeas corpus he purportedly submitted. This present federal habeas proceeding was filed on September 7, 2011, not on September 2. It is assigned to the Honorable Robert C. Brack, not to the Honorable James Browning.[9] Again, to the extent that Robinson attempts to appeal a ruling on his motion to dismiss based on alleged speedy trial violations, there currently is no written decision from which

---

[9]As noted *supra*, on February 25, 2011, Robinson filed a federal civil rights case that was assigned to the Honorable James Browning, but the Court dismissed that action on April 29, 2012. The Court is not aware of any other federal habeas proceedings brought by Robinson.

9

to appeal. Accordingly, Robinson cannot exhaust his administrative rights until that ruling is entered and Robinson proceeds with all appropriate avenues of review. For example, as noted by Respondent, if the motion to dismiss is decided and denied, Robinson may have the opportunity to file a direct appeal and/or a state habeas proceeding. But, without an adverse written decision to challenge, Robinson's motions or pleadings mailed to the Court of Appeals or Supreme Court do not amount to exhaustion.

17.     Robinson makes one additional mistaken argument. The Court addresses it for purposes of clarification. Robinson argues that "suddenly after 9 years delay, the State Court discovers the federal courts activity in the case - 99-3961- and, on Mar. 7, 2012, held a docket call establishing a trial date of April 2, 2012 on the same case. This is 3 days before Petitioners writ is scheduled for speedy trial review by this court."

18.     The fact that the State Court set CR 99-3961 for trial in April 2012 (which now has been delayed until later in the year) has no connection with Robinson's federal habeas petition. In other words, this Court did not schedule any evidentiary hearing in the federal habeas petition or any type of speedy trial review that might have prompted the State Court to set the criminal case for trial. In addition, the State Court does not check the federal court docket in making its own scheduling decisions. Moreover, as shown by the current State Court docket report in CR 99-3961, Robinson's criminal case has been set and re-set for trial on many occasions for reasons unrelated to this subsequent federal habeas proceeding.

## Conclusion

19.     The Court lacks jurisdiction over all § 2254 claims raised by Robinson's federal habeas petition, including alleged ineffective assistance of counsel, false arrest in 2004 and "vengeful prosecution," because he is not in custody under the challenged conviction or sentence.

*See* 28 U.S.C. §2254(a) ("district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody ***pursuant to the judgment of a State court*** . . . .") (emphasis added). The Court also concludes that Robinson failed to exhaust all state court remedies regarding the remaining speedy trial claim brought under 28 U.S.C. § 2241, because there is no State Court decision on that matter for Robinson to challenge.

## Recommended Disposition

That Robinson's federal habeas petition, whether brought under § 2241 or § 2254 be denied, and that this matter be dismissed, without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge