# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EARL SCOTT ROBINSON,

        Petitioner,

v.                                       No. CIV 11-803 RB/LFG

RUBEN RUSTIN, Warden,

        Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("findings and recommendations") [Doc. 14], filed March 29, 2012, recommending dismissal of this entire action, without prejudice. More specifically, the Magistrate Judge found that Petitioner Earl Scot Robinson's habeas claims, brought under § 2241, should be dismissed for failure to exhaust available state remedies. To the extent that Robinson asserted habeas claims under § 2254, the Magistrate Judge recommended they also be dismissed, without prejudice, for lack of jurisdiction, as Robinson was not in custody under the required conviction or sentence. [Doc. 14, at ¶ 19.]

Robinson filed timely objections on April 16, 2012. [Doc. 15.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendations to which Robinson objects.

## Summary of Proceeding

On September 7, 2011, Robinson, acting *pro se*, filed a federal habeas petition under 28 U.S.C. § 2241. [Doc. 1.] Robinson set forth various claims, including alleged violation of his speedy trial rights in connection to state proceeding CR No. 99-3961. Robinson has waited almost ten years

to be retried after a mistrial occurred in 2002.  His retrial is now set for September 2012.  During the pendency of CR No. 99-3961, Robinson was indicted for and convicted of certain crimes in separate state court criminal proceedings, initiated in 2004 and 2007.  (*See* discussion *infra.*)

In the federal habeas petition, Robinson also asserted claims of ineffective assistance of counsel, false arrest in 2004, and "vengeful prosecution." [Doc. 1.] The Magistrate Judge construed these three claims as brought under § 2254, recommending that they be dismissed, without prejudice, for lack of jurisdiction because there was no conviction or judgment entered yet in CR No. 99-3961.[1]

In addition, the Magistrate Judge correctly found that the speedy trial claim could be brought under § 2241, notwithstanding the lack of a conviction or judgment.  However, the speedy trial claim could only proceed if Robinson had exhausted his state remedies.  Based on the pertinent law and pleadings, including requested supplemental briefing from Respondent, the Magistrate Judge recommended that the § 2241 claim be dismissed, without prejudice, for failure to exhaust state remedies.

<u>**Robinson's Objections**</u>

### I.    *Clarification of Robinson's Objections*

Very few of Robinson's objections relate to the pertinent question of whether he exhausted state remedies with respect to the claim of alleged speedy trial violations.  Instead, Robinson argues about a number of other matters that have no bearing on the issue of exhaustion.  Because Robinson

---

[1]Robinson did not raise any objections to the Magistrate Judge's findings and recommendations regarding federal habeas claims brought under § 2254, in relation to the underlying state court criminal proceeding, No. 99-3961.  Thus, appellate review as to the § claims is waived. *See, e.g.*, <u>Wirsching v. Colorado</u>, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

misstates or misunderstands certain matters, the Court first provides the following clarification as to these issues.

      **a.**      **Robinson's Subsequent State Court Proceedings and Convictions:**

In his objections, Robinson states the following:

> The original writ of habeas corpus submitted to this court was challenging Robinson's pre-trial incarceration of over 9 years and the ineffective assistance of counsel with regard to case numbers 20041255 and 20074174.

[Doc. 15, at 1.] Later, in his objections, Robinson contends that:

> The scope of the writ I've submitted is broader than CR 99-3961 deliberately to include 2004 and 2007 cases as this Court names them as causing delay in my challenge to the States' denial of my civil rights.

[Doc. 15, at 5.] However, Robinson concedes that "the thrust of the writ is still primarily of my civil rights" based on alleged violation of his speedy trial rights (in relation to CR No. 99-3961). [Id.]

These statements by Robinson omit mention that his federal habeas petition identified only state court CR No. 99-3961, as the underlying criminal proceeding being challenged. [Doc. 1, at 1.] Stated differently, Robinson specified CR No. 99-3961 as the "case or opinion number" he was challenging in his September 7, 2011 federal habeas petition. [Id.] While Robinson mentioned subsequent indictments and convictions in 2004 and 2007, in terms of background facts, he did not expressly challenge those convictions in this federal habeas petition. Respondents, in their Answer, also observed that Robinson was challenging matters related to Bernalillo County Cause CR. No. 1999-3961, rather than subsequent convictions in 2004 or 2007. [Doc. 7, ¶ 1.]

Moreover, Robinson's petition repeatedly refers to CR No. 99-3961 or that proceeding, with respect to his various federal habeas claims. [Doc. 1, at pp. 1, 2, 3 (speedy trial violation based on

May 1999 arrest and trial in 2002); p. 4 (length of delay of 12 years from 1999 arrest; delays resulted in 7 continuous years of incarceration); p. 5 (plea agreements in reference to CR No. 99-3961); p. 6 (Robinson arrested on charge of conspiracy to murder prosecutor of CR No. 99-3961); p. 7 (state continues to refile CR No. 99-3961); and p. 7 (vengeful prosecution in relation to CR No. 99-3961). Finally, in his request for relief, Robinson asks the federal court to order the state court "to dismiss with prejudice all charges relating to N.M. case CR 99-3961 due to speedy trial, false arrest, false incarceration." [Doc. 1, at 10.]

Thus, this Court, like the Magistrate Judge, does not interpret Robinson's petition to raise challenges to convictions in CR Nos. 2004-1255 or 2007-4174.  To the extent that Robinson's objections now attempt to raise additional challenges to subsequent convictions in state court criminal proceedings CR Nos. 2004-1255 and 2007-4174, he waived those issues by not clearly and specifically presenting them earlier.  The Tenth Circuit has repeatedly determined that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  *See* United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)  ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Accordingly, Robinson's allegations in his objections concerning the purported denial of use of polygraph evidence, fabricated hearsay charges, actions of public defender attorney Jeff Buckels, use of criminal informants in the 2004 and 2007 criminal proceedings, and contract counsel's actions in the 2007 proceeding are waived.  Should any of these allegation relate to CR No. 99-3961, the Court lacks jurisdiction over challenges brought under § 2254, as no conviction or judgment has been entered in CR No. 99-3961.

4

**b.      Assigned Judges to this Federal Habeas Proceeding, No. CIV 11-803 RB/LFG:**

In his objections, Robinson also misunderstands which judges are assigned to this matter.

[Doc. 15, at 2.] For example, Robinson refers to "the underlying case in the habeas writ submitted

to Judge J. Browning."  He further writes:

> Judge Robert C. Black [sic] has never communicated with Petitioner,
> and his Order of Sept. 8, 2011 was never sent to Petitioner, therefore,
> petitioner only knew of Judges [sic] J. Browning and A. [sic] Garcia.

[Id.] From its inception, this federal habeas petition, No. CIV 11-803 RB/LFG was assigned to the

Honorable Robert C. Brack, as indicated by the initials "RB" following the case number 11cv803.

Magistrate Judge Lorenzo F. Garcia, as indicated by the initials "LFG," was also assigned to this

case as the referral judge.  On September 8, 2011, District Judge Brack entered a standard Order of

Reference in accordance with 28 U.S.C. §§ 636(b)(1)(B) and 636 (b)(3), referring Robinson's

federal habeas petition to Magistrate Judge Garcia to conduct hearings, if needed, and to perform

any legal analysis required to recommend to Judge Brack an ultimate disposition of the case. [Doc.

3.]

This case proceeded accordingly.  Magistrate Judge Garcia considered the pertinent law,

along with the parties' pleadings, and attachments before issuing his Findings and Recommended

Disposition.  Robinson filed objections.  Consistent with the Order of Reference [Doc. 3], the

undersigned District Judge now reviews Magistrate Judge Garcia's recommended ultimate

disposition of the case along with Robinson's objections.

For purposes of clarification, this case was never assigned to the Honorable James O.

Browning.  All of the pleadings in this habeas proceeding, including pleadings submitted by

Robinson, contain the correct judges' initials – RB for District Judge Robert Brack and LFG for Magistrate Judge Lorenzo F. Garcia. [*See, e.g.,* Doc. Nos. 4, 7, 8, 9, 10, 11, 12.][2]

c.      **Merits of Robinson's Speedy Trial Motion or Arguments**:

Significant delays have occurred in re-trying Robinson, with respect to CR No. 99-3961, after the mistrial in 2002.  The new trial is now set for September 2012.  Robinson filed a motion to dismiss CR No. 99-3961 in state court, contending that his speedy trial rights were violated by this delay of over nine (9) years.  It is unclear whether the motion to dismiss was decided by the state court, but it is unlikely based on Respondents' recitation of the procedural history.[3]

In an attempt to better understand both the reasons for the delay and the procedural background of CR No. 99-3961, the Magistrate Judge thoroughly summarized many of the proceedings in the state court case. [Doc. 14, at pp. 5-7.][4] The Magistrate further observed that

_____

[2]Some of Robinson's pleadings mistakenly identify Magistrate Judge Garcia's initials as LCG instead of LFG.

[3]Based on this Court's review of the current state court docket report in CR No. 99-3961, it appears that on June 29, 2010, Robinson filed a motion to dismiss due to alleged violations of his speedy trial rights. [Doc. 10, Ex. A.]  On November 9, 2010, the State filed a response brief. [Doc. 10, Ex. B.] No reply was filed.  In a supplemental response in this proceeding [Doc. 10, at 2], the State noted the motion to dismiss was still pending as of March 8, 2012. On February 4, 2011, Robinson filed another motion to dismiss, but the Court cannot determine from the docket report whether he again raised speedy rights claims or whether it was a motion to dismiss based on entirely different grounds.  On February 21, 2011, the state court entered an order that denied a motion to dismiss or motion to exclude witnesses. But, it is not clear from the docket report that the motion to dismiss based on speedy trial violations was decided.  The Magistrate Judge noted that a motion to dismiss was denied on February 8, 2011, but that date should read February 21, 2011, and most likely relates to a motion to dismiss raising different grounds.

[4]While the state court's 9 to 10 year delay in retrying this case after the mistrial in 2002 is almost unfathomable, the Magistrate Judge noted many of the proceedings that led, at least in part, to the delay. For example, after the 2002 mistrial, in 2003, the State appealed an issue concerning the admissibility of polygraph results.  After the unsuccessful appeal, in 2004, the New Mexico Supreme Court remanded CR No. 99-3961 to state court.  In 2004 and 2007, Robinson was arrested on different charges, some of which concerned threats to the State's prosecutor in CR No. 99-3961. In 2005, Robinson pled guilty to one of the charges in CR No. 2004-1255 and was sentenced.  Multiple attorneys withdrew and entered appearances in CR No. 99-3961, resulting in additional delays.  In 2006, Robinson filed a motion to

Robinson argued in a supplemental response [Doc. 12] that many of the delays in CR No. 99-3961 should be attributed to the State, rather than to Robinson. In his objections, Robinson takes issue with the Magistrate Judge's comment that many of the delays are explained by appeals taken by the parties, withdrawal of attorneys, recusal of judges, subsequent criminal activity by Robinson, and motion practice by both parties. The reality is that these actions and proceedings would have delayed CR No. 99-3961.

Moreover, as correctly noted by the Magistrate Judge, it is not this Court's role to decide the motion to dismiss based on alleged speedy trial violations that apparently is still pending in state court. [Doc. 14, at 8 n. 8.] In other words, this Court does not determine, at this point, whether the delays in the state court proceeding were legitimate or attributable to the State, Robinson, or both. The only matter now before this Court is whether Robinson presented meritorious objections to the Magistrate Judge's findings that Robinson did not exhaust all available state court remedies, as he must, with respect to his speedy trial claim in this federal habeas proceeding.

### d.     Miscellaneous Objections:

The Court attempts to clear up several other misconceptions or misunderstandings by Robinson. For example, Robinson asserts that Magistrate Judge Garcia "has denied my writ based on faulty information from prosecution." For purposes of clarification, Magistrate Judge Garcia did

---

disqualify the Second Judicial District Attorney's Office from prosecuting CR No. 99-3961 that was initially granted. But, in 2008, that decision was reversed on appeal. Multiple state court judges, who were assigned to CR No. 99-3961, recused over the years. In 2008, Robinson was convicted of certain crimes after a jury trial in CR No. 2007-4174. In 2009, Robinson requested a competency evaluation in CR No. 99-3961. In 2010, trial was set in CR No. 99-3961, but multiple continuances occurred. In 2010 and 2011, Robinson filed several motions to dismiss in CR No. 99-3961. In 2011, a new judge was assigned to CR No. 99-3961.

not deny Robinson's habeas petition.  The Magistrate Judge issued findings and recommendations that the undersigned District Judge now decides whether to adopt, reject, or modify.

In addition, Robinson contends that his state court motion to dismiss based on alleged speedy trial violations has been decided.  As noted above, the motion appears to still be pending in state court as best as can be determined.  Moreover, the Magistrate Judge's "disposition" did not indicate the state court  motion to dismiss based on speedy trial violations was denied. [Doc. 15, at 6.] The Magistrate Judge observed in the procedural background that one of Robinson's motions to dismiss (or to exclude witnesses) was denied by the state court in February 2011. [Doc. 14, at 7.]

Finally, Robinson states he is "disturbed" by this court's "tone of language in its disposition." [Doc. 15, at 7.] Robinson does not identify what language disturbs him, and this Court does not locate any offensive tone or language in the Magistrate Judge's findings and recommendations.  In addition, the Magistrate Judge did not issue a "disposition."  As stated previously, the Magistrate Judge issued findings and recommendations as directed by the District Court.

## II.    *Failure to Exhaust Objections*

The only pertinent objections raised by Robinson are those relating to the Magistrate Judge's findings regarding his failure to exhaust all available state remedies as to the alleged speedy trial violation, arising from CR No. 99-3961.  Pages 5-8, and related exhibits, of Robinson's objections contain some argument regarding the issue of exhaustion. [Doc. 15, exhibits.]

As stated by the Magistrate Judge, exhaustion of available state remedies is a prerequisite to habeas relief under 28 U.S.C. §§ 2241.  *See* Garza v. Davis, 596 F.3d 1198, 1204 (10th Cir. 2010) (requiring exhaustion before a § 2241 petition may be brought).  Thus, Robinson was required to

exhaust his state remedies before raising a claim of speedy trial violations in his federal habeas petition.

It is undisputed that CR No. 99-3961 is still pending. There is neither a conviction nor an acquittal. At this stage, the state court case is set for a jury trial in September 2012. Thus, there is no final judgment from which Robinson could appeal.

With respect to a decision on the motion to dismiss based on alleged speedy trial violations, the Magistrate Judge again observed that presently, there is no written decision by the state court from which Robinson could appeal. If the motion to dismiss is decided and denied, Robinson may have the opportunity to file a direct appeal or a state habeas proceeding. At this point, however, without a ruling by the state court, he has nothing to appeal from and, therefore, is unable to exhaust state remedies.

In the objections, Robinson states that he attached a copy of "the speedy trial dismissal packet sent to the N.M. Court of Appeals by MDC [Metropolitan Detention Center] worker Amy Abeyta." [Doc. 15, at 6.] Robinson asserts that the "packet" was mailed to the Court of Appeals in Santa Fe and served on Judge Murdoch and State Attorney Brandenburg on January 13, 2011. [Id.] The Court reviewed Robinson's exhibits, which include the New Mexico Court of Appeals "forms for self-represented litigants" and instructions as to how to file an appeal. Robinson also filled out a form that he identified as a "Motion for Speedy Trial Dismissal," again referring to CR No. 99-3961, and an application and order for free process. [Doc. 15, exhibits.] This packet includes a "Notice of Appeal" from CR No. 99-3961, filled out by Robinson. In the line identified as "Date of Order/Judgment," from which the party is appealing, Robinson wrote in: "May, 2002 Copy Not Available." [Id.] Robinson also wrote that "this appeal alleges that no adequate, plain, speedy

9

remedy has been granted by district courts in violation of [his] constitutional rights . . . ."  The form

is signed by Robinson and in an affidavit of service, Robinson wrote in that these pleadings were

sent by "caseworker Amy May 2, 2011." [Id.]

There is no indication on any of these pleadings, filled out by Robinson, and purportedly

mailed a year ago or more, that they were filed in the New Mexico Court of Appeals.  No date or

receipt stamp appears on the pleadings.  Indeed, Robinson's "appeal" cannot be filed with the New

Mexico Court of Appeals until the Second Judicial District Court enters a final ruling or judgment

in CR No. 99-3961.  Because this has not occurred, any attempt to appeal is premature.

Robinson also argues summarily that he exhausted his state remedies. [Doc. 15, at 8.] Under

this assertion, Robinson writes:

> – A. Murdoch in 2009, 10, 11. Denied.
> – Motion to Appellate Ct May 2, 2011.
> – Writ of habeas sent to N.M. Supreme Ct. simultaneous with
> submission to Judge Browning September 7, 2011.

[Id.]

To the extent that Robinson argues Judge Murdoch denied the motion to dismiss based on

alleged speedy trial violations, this is not confirmed as accurate.  The state court docket does not

reflect a decision.  The Court already determined that Robinson's attempt to mail or submit an

appeal on May 2, 2011, was premature and not filed.  In addition, it is unclear what writ of habeas

Robinson believes he sent to the New Mexico Supreme Court.  There is no evidence that Robinson

filed a state habeas petition or that he could have filed one as of this date, since no judgment has

been entered in CR No. 99-3961 and there is no ruling on the motion to dismiss.

Robinson's questions why he has not yet been tried in CR No. 99-3961, his speculation that

the State intends to keep him in jail "until he die[s]," and his request that the Court acknowledge his

10

age and health do not provide this Court with sufficient grounds to amend or reject the Magistrate

Judge's findings and recommendations that this matter be dismissed, without prejudice, either for

lack of jurisdiction regarding any § 2254 claims, or for failure to exhaust state remedies regarding

any § 2241 claims.

## Conclusion

For the above-stated reasons, the Court agrees with the Magistrate Judge's findings and

recommendations, determines that some of Robinson's objections were waived, and overrules all

of Robinson's remaining objections.

IT IS THEREFORE ORDERED that the Magistrate Judge's findings and recommendations

are adopted by the Court and that Mr. Robinson's § 2241/2254 petition [Doc. 1] is DENIED and this

action, in its entirety, is DISMISSED, without prejudice.

_____
UNITED STATES DISTRICT COURT